**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. _____

**TONY'S FINE FOODS, INC.**

   **Plaintiff,**

**v.**

**DIVERSIFIED TRANSFER & STORAGE, Inc.,**

   **Defendant.**

---

### NOTICE OF REMOVAL

---

**TO THE HONORABLE UNITED STATES DISTRICT COURT:**

   Defendant Diversified Transfer & Storage, Inc. ("Defendant"), files this Notice of Removal and respectfully shows the Court the following:

   1.   On August 5, 2019, Plaintiff Tony's Fine Foods, Inc. first filed a cause of action against Defendant, in Plaintiff's Complaint Under Simplified Civil Procedure ("Complaint") in the County Court, County of Adams, State of Colorado, entitled *Tony's Fine Foods, Inc., Plaintiff v. Diversified Transfer & Storage, Inc. Defendant*, cause number 19-C-42455.

   2.   In compliance with D.C.Colo.LCivR 81.1 and 28 U.S.C. Sec. 1446(a), a copy of all process, pleadings, and orders served upon Defendant is attached as Exhibit 1A - 1D, and an Index of State Court Filings, attached as Exhibit 1.

In addition, a certified copy of the docket sheet, including pleadings and orders, is attached as Exhibit 2.

3. Defendant's first receipt of the Complaint was through service of the Complaint on August 7, 2019. Plaintiff's Complaint is the first cause of action against Defendant asserted by Plaintiff.

4. This Notice of Removal is filed within thirty (30) days of Defendant's first notice or receipt of Plaintiff's Complaint, and, is therefore timely filed pursuant to 28 U.S.C. §1446(b).

5. Plaintiff's action against Defendants is a civil action of which this Court has original jurisdiction under the provisions of 49 U.S.C. §14706 (Carmack Amendment), and may be removed to this Court by Defendant pursuant to the provisions of Title 28 U.S.C. §§1441 and 1445(b), because it is a civil action involving a claim by Plaintiff against a motor carrier for alleged loss and damage to cargo that was being transported in interstate commerce from Sacramento, California, to Aurora, Colorado. Plaintiff's action against Defendant could have originally been brought in this Court. The above-described action arises out of the interstate contract of carriage and 49 U.S.C. § 14706, the "Carmack Amendment," which governs the liability of a motor carrier providing transportation services in interstate commerce within the jurisdiction of the Surface Transportation Board. Plaintiff's Complaint details additional factual allegations falling within the federal question jurisdiction provided by 49 U.S.C. §14706, 28 U.S.C. §§1331 and 1337(a). The claims made against Defendant in Plaintiff's Complaint are completely preempted by the Carmack Amendment and removable pursuant to *Hoskins v. Bekins Van Lines*, 343 F.3d

769 (5th Cir. 2003). The Carmack Amendment provides that federal courts have jurisdiction over claims against a motor carrier based on damage to cargo during interstate transport. 49 U.S.C. § 14706 (d)(3). Almost every detail of interstate commerce is covered so completely that there can be no rational doubt but that Congress intended to take possession of the subject, and supersede all state regulation with reference to it. *Adams Express Co. v. Croninger*, 226 U.S. 491, 505-06 (1913).

6. In the Complaint, Plaintiff's claim for damages to its property is alleged to be in the amount of $12,166.20. Exhibit 1A, page 2, para. 10.

Title 28 U.S.C. §1441(b) provides that:

> Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under . . . the laws of the United States shall be removable without regard to the citizenship or residence of the parties.

28 U.S.C. §1337(a) provides that:

> The district courts shall have original jurisdiction of any civil action or proceeding arising under any Act of Congress regulating commerce or protecting trade and commerce against restraints and monopolies: *Provided, however*, that the district courts shall have original jurisdiction of an action brought under section 11706 or 14706 of title 49, only if the matter in controversy for each receipt or bill of lading exceeds $10,000, exclusive of interest and costs.

Title 28 U.S.C. §1445(b) makes non-removable "a civil action in any state court against a carrier…to recover damages for delay, loss, or injury of shipments arising under Section 11706 or 14706 of Title 49, …unless the matter in controversy exceeds $10,000 exclusive of interest and costs."

7. Since Plaintiff's claims against Defendant arise from the interstate transportation of Plaintiff's cargo, and since Plaintiff's claim exceeds $10,000, this matter is properly removed.

8. Written notice of the filing of this Notice of Removal has been given to Plaintiff herein, and a copy of this Notice has been mailed to the County Clerk, Adams County, Colorado.

WHEREFORE, Defendant Diversified Transfer & Storage, Inc. removes this action from the County Court, County of Adams, Colorado to this court on or about this 26th of August, 2019, pursuant to 28 U.S.C. §1446.

Respectfully submitted,

*s/ Katherine Knight*
Vic H. Henry
Katherine Knight
HENRY ODDO AUSTIN & FLETCHER
   a Professional Corporation
600 17th Street, Suite 2800
Denver, Colorado 80202
Telephone: (303) 260-6444
Facsimile: (303) 260-6401
E-Mail:  vhhenry@hoaf.com
E-Mail:  kknight@hoaf.com
**Attorneys for Defendant**
**DIVERSIFIED TRANSFER & STORAGE, INC.**

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 26th day of August, 2019, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

bbodie@bodieengerlaw.com
cenger@bodieengerlaw.com
tlikman@bodieengerlaw.com
ebiddulph@bodieengerlaw.com

*s/ Katherine Knight*
Katherine Knight