| | |
|---|---|
| County Court, County of Adams, State of Colorado<br>Court Address:   1100 Judicial Center Drive, Brighton CO 80601 | |
| Plaintiff:<br>**TONY'S FINE FOODS, INC.**<br><br>v.<br><br>Defendant:<br>**DIVERSIFIED TRANSFER & STORAGE, INC.** | DATE FILED: August 05, 2019 4:34 PM<br><br>▲ **COURT USE ONLY** ▲ |
| Attorneys for Plaintiff:<br>W. Bryant Bodie, No. 44042<br>Colin Enger, No. 43598<br>Todd E. Likman, No.43807<br>Eric D. Biddulph, No. 51628<br>**BODIE ENGER LAW**<br>1763 N. Franklin Street<br>Denver, CO 80218<br>Telephone:(303) 830-6900<br>Facsimile: (303) 830-6889<br>E-Mail: bbodie@bodieengerlaw.com<br>         cenger@bodieengerlaw.com<br>         tlikman@bodieengerlaw.com<br>         ebiddulph@bodieengerlaw.com | Case No:<br><br>Div: |
| **COMPLAINT UNDER SIMPLIFIED CIVIL PROCEDURE** | |

The Plaintiff, Tony's Fine Foods, Inc., by and through counsel files this complaint against the Defendant and states as follows:

1. Plaintiff, Tony's Fine Foods, Inc., is a foreign entity which sustained losses/consequential damages on August 9, 2017, as a result of the acts and/or omissions of Defendant Diversified Transfer & Storage, Inc.

2. The Defendant, Diversified Transfer & Storage, Inc., is a Montana corporation registered to do business in the State of Colorado.  The Defendant's principal office is located at 1640 Monad Road, Billings, MT 59101-3200, and the Defendant has an office location in Aurora, Colorado.  As a business entity, the Defendant is not an infant, incapacitated or in the military service.

3. Venue is proper in this County because the Defendant has offices located in this County and/or the losses sustained by Plaintiff occurred in this County.

4. The Court has jurisdiction over the claims and parties in this action.  The amount claimed does not exceed the Court's jurisdictional limit.

5. Plaintiff hired Defendant to ship 3,000lbs of frozen shrimp from Sacramento California to Albert's Organic's Inc. located in Aurora, CO.

6.     The shipment of freight was scheduled to arrive, and did arrive, on August 9, 2017.

7.     Upon arrival, the shipment of shrimp was rejected.

8.     Defendant failed to maintain proper temperature of the freight load and delivered the freight damaged.

9.     The freight was not damaged at the time Defendant took possession. The freight was later damaged while within the custody and control of the Defendant.

10.    The Plaintiff sustained damages in the amount of $12,166.20 as a result of the Defendant's acts and/or omissions.

## First Claim for Relief
### Bailment – Breach of Bailment Contract

11.    Plaintiff incorporates the preceding allegations as if fully set forth herein.

12.    Plaintiff and Defendant entered into an agreement wherein Defendant agreed to deliver Plaintiff's frozen shipment in exchange for compensation.

13.    By accepting Plaintiff's goods for shipment, Defendant expressly or impliedly warranted that it would deliver the goods in the same condition as when it was entrusted.

14.    Defendant breached its warranty by delivering the shipment in a damaged condition.

15.    Plaintiff sustained damages/losses as a direct and proximate result of Defendant's breach.

## Second Claim for Relief
### Bailment – Negligence[1/]

16.    Plaintiff incorporates the preceding allegations as if fully set forth herein.

17.    Defendant bailee owed Plaintiff bailor a duty to exercise reasonable care to protect the property of the Plaintiff bailor.

18.    Defendant breached that duty of reasonable care when it failed to maintain proper temperature and/or delivered the shipment in a damaged condition.

19.    Defendant is presumed negligent for accepting the shipment in an undamaged condition and delivering the shipment in a damaged condition.

20.    Plaintiff sustained damages/losses as a direct and proximate result of the Defendant's negligence.

---

[1/] Where goods have been damaged or destroyed while in the possession of a bailee, Colorado Courts recognize a bailor may bring a cause of action sounding in contract and/or in tort, either in conjunction or alternatively. *Foster v. Board of Govnr's Colo. State University,* 342 P.3d 497, 502-3 (Colo. App. 2014).

004

## Prayer for Relief

WHEREFORE, Plaintiff requests judgment in equity to reimburse Plaintiff against the Defendant in the principal sum of $12,166.20, plus interest at the statutory rate to the date of judgment, with interest to run at the statutory rate on said judgment, and for such other, further and different relief as the Court may deem proper in the premises.

**WARNING: ALL FEES ARE NON-REFUNDABLE. IN SOME CASES, A REQUEST FOR A JURY TRIAL MAY BE DENIED PURSUANT TO LAW EVEN THOUGH A JURY FEE HAS BEEN PAID.**

Dated:   August 5, 2019

_____
W. Bryant Bodie, #44042
Attorney for Plaintiff

Plaintiff's address:
959 Concord St. Suite 200
Framingham, MA 01701